THE STATE OF NEBRASKA, EX REL. ROBERT B. GRAHAM, v. H. A. BABCOCK, AUDITOR OF PUBLIC ACCOUNTS.

Constitutional Law: APPROPRIATION BY LEGISLATURE. Under the provision of the constitution of the state, that "no money shall be drawn from the treasury, except in pursuance of a specific appropriation made by law," the auditor of public accounts has no authority to draw a warrant upon the treasury for commissions due county treasurers for money collected by them and paid into the treasury, unless a specific appropriation had been made for that purpose.

ORIGINAL application for mandamus.

*Mason & Whedon*, for relator.

*William Leese, Attorney General*, for respondent.

REESE, J.

This is an application to this court in the exercise of its original jurisdiction for a writ of mandamus to compel the auditor of public accounts to issue his warrant on the state treasury for a sum of money which the relator claims is due him as commission or fees, for collecting moneys due the state as proceeds from the sale and leasing of school lands. The relator alleges that he collected the moneys referred to and paid them over to the state treasurer without deducting therefrom his commission for making the collection. It is alleged that it is the custom for all county treasurers not to deduct their commissions from the money they collect for the state, but to pay it all to the state treasurer and then to receive from the auditor a warrant for the amount of commissions to which such treasurer may be entitled; that he has demanded from the auditor a warrant for the amount of commissions due him, but that the auditor has refused to issue it.

It is claimed that, under the provisions of section 164, chapter 77 of the Compiled Statutes, he is entitled to this warrant as for money which he has overpaid. This section provides that: "If any county treasurer shall have paid, or may hereafter pay, into the state treasury, any greater sum or sums of money than are legally and justly due from such collector, after deducting abatements and commissions, the auditor shall issue his warrant for the amount so overpaid, which shall be paid out of the fund or funds so overpaid on said warrant."

This section would seem to give the auditor the authority

contended for by the relator, but we must hold that it does not give this authority.

Section twenty-two of article three, entitled legislation, of the Constitution of this state, provides, among other things, that "No money shall be drawn from the treasury except in pursuance of a specific appropriation made by law and on the presentation of a warrant issued by the auditor thereon." * * This section must be treated as and is a complete denial of the right or power of the auditor to draw his warrant on the treasury for any sum of money for any purpose except in pursuance of an appropriation made by law. The money is conceded to be in the treasury. It must remain there until drawn out "in pursuance of a specific appropriation" giving authority therefor.

In so far as the section of the revenue law above quoted is in conflict with the provision of the constitution, if at all, it is void. But as the two sections must be construed together, and if possible harmonized, it may be said that there is nothing in the section requiring the warrant to issue without an appropriation being first made, and that there is no conflict. However that may be, it is clear the auditor cannot legally draw the required warrant.

The other questions discussed by counsel need not be noticed, as in our view the writ cannot issue, and is therefore denied.

WRIT DENIED.

THE other judges concur.